Nichols, Judge,
concurring in the result:
Tbe court says tbe Board exercised its discretion to bold against tbe plaintiff and its decision was not arbitrary, capricious, or contrary to law. It would follow it bad discretion to hold in plaintiff’s favor. I am not sure about this and suggest the real hurdle plaintiff could not top is that the case is outside tbe Board’s charter.
There can be no doubt that tbe Board can afford relief though tbe established facts and law do not support a strictly legal claim, i.e., it need not be one tbe claimant could sue on in this court directly. Bates v. United States, 197 Ct. Cl. 35, 453 F. 2d 1382 (1972). The purpose of 10 U.S.C. § 1552 was to relieve tbe Congress of a flood of private bills, and tbe Board’s statutory charter must be construed with that in mind. Bay v. United States, 197 Ct. Cl. 1, 453 F. 2d 754 (1972). In Skaradowski v. United States, 200 Ct. Cl. 488, *115 471 F. 2d 627 (1973), we held, as I read the Per Curiam part of the opinion, that it was arbitrary, capricious, and therefore reversible error, for the Board to refuse to correct an injustice not amounting to an error of fact or law. The Board seems to have made a factual error, to be sure, but we did not remand for a decision on the basis of correct fact findings. We thought the Board had no discretion to refuse to correct Skaradowski’s record.
In my view neither man had a good legal case. Yet in equity, Skaradowski’s seemed so strong it was beyond the range of Board discretion. I say in equity broadly. Commissioner Spector seemed to conceive of the case as one to reform documents, which he regarded as a classic kind of equitable relief, but I read our Per Curiam as attacking the problem from a different angle, though we also adopted his opinion. The concept of correcting “error or injustice” seems to offer a broad license for the conscience of the Board to operate in, and on review this court, within our notions of what a Congressional committee before 1946, might have done with a private bill. The legislation is arguably, and has been argued to be — see Ray, supra — a delegation of legislative power.
Mayer’s claim has about as much appeal to my conscience as Skaradowski’s, and the court reaches a different result “with some reluctance and a great deal of regret.” Yet there is a purely legal distinction. It lies in the fact that the reformation of this plaintiff’s record runs head on against an express statutory exclusion. In view of the origin of the Board’s charter, we must be sensitive to Congressional intent. Congress plainly intended to limit the benefits of the involved retirement legislation to veterans who served in wartime as members of the armed forces strictly speaking. If Congress had defined who was to be eligible and not gone on also to define who was not, the case would have been less clear. It seems evident to me the Board did not have discretion to afford relief in the peculiar circumstances of this case, as its own holding seems also to say. It follows we should not be affirming in terms that imply we considered how it used a discretion it had.